**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **STEVEN LOWE AND SIOBHAN LOWE,** | § § § | |
| **PLAINTIFFS,** | § § | **CIVIL ACTION NO.** |
| **V.** | § § | **1:20-CV-05224-CAP** |
| **DIFEI TRANSPORT, LLC and ARMAS ARMELIO,** | § § § | |
| **DEFENDANTS.** | § § | |

---

## PLAINTIFFS' FIRST CONSOLIDATED MOTIONS *IN LIMINE*

---

COME NOW Plaintiffs STEVEN LOWE and SIOBHAN LOWE and hereby file their Motions *in Limine* in the above-styled matter. The Lowes respectfully move this Court for an Order *in Limine* prohibiting all parties, counsel, or witnesses from testifying, suggesting, referencing, arguing or commenting upon the following matters in the presence of the jury, whether during *voir dire*, opening statement, during the testimony of any witness, or during any argument or statement of an objection on the grounds that such issues are irrelevant, inappropriate and unfairly prejudicial. To that end, Plaintiffs hereby move the Court for an order granting the following motions *in limine*:

1

1.      Motion to Exclude Argument or Inferences Plaintiff Steve Lowe's Actions or Omission Caused or Contributed to the Cause of the Subject Collision;

2.      Motion to Exclude Argument that the Collision was an Accident;

3.      Motion to Exclude Evidence of the Effect of a Large Verdict on Defendants;

4.      Motion to Exclude Evidence of the Financial Status of Either Party;

5.      Motion to Exclude Collateral Source Evidence;

6.      Motion Seeking Exclusion of Any Suggestion or Implication That Plaintiffs Are Greedy;

7.      Motion Seeking Exclusion of Any Statement Regarding the Lottery or Gambling;

8.      Motion Seeking Exclusion of Any Statements Regarding the Tax Implications of Any Verdict;

9.      Motion Seeking Exclusion of Any Statements Regarding the Effects of Any Verdict on Insurance Rates, Premiums or Charges; and

10.      Motion Seeking Exclusion of Any Assertions that Steven Lowe was using his cell phone at the time of the collision.

11.    Motion Seeking Exclusion of Any Assertions that Steven Lowe was not wearing his seatbelt.

12.    Motion Seeking Exclusion of Collateral source evidence.

13.    Motion Seeking Exclusion of Argument or Assertions Regarding the Effect of the Collision and Lawsuit on Defendants or Businesses Generally.

14.    Motion Seeking Exclusion of the Existence of a Contingency Fee Contract between the Lowes and their Counsel.

15.    Motion Seeking Exclusion of any Allegations or Arguments that this Case is about "Greed"

16.    Motion Seeking Exclusion of Any Assertions that Spine Center of Atlanta has a treated Plaintiff Steven Lowe on a letter protection

17.    Motion Seeking Exclusion of Any Allegations or Arguments that the Undersigned's Law Firm and/or its Attorneys were in a "Partnership" or "Partners" or "Referral Partners" with any Medical Providers and/or were part of some sort of Illicit Scheme.

18.    Motion Seeking Exclusion of Any Attempt by Defendants to Apportion Fault to a Non-Party.

19.    Motion Seeking Exclusion of Any Evidence or Testimony Concerning Warnings, Discipline and/or Job Terminations from Former Employers.

20.    Motion Seeking Exclusion of Allegations Concerning Plaintiff Steven Lowe's Prior Driving History.

21.    Motion to Exclude Evidence or Argument Regarding Plaintiff's Attorneys Sharing in Any Judgment;

22.    Motion to Exclude Any Evidence or Argument Regarding Irrelevant Economic Evidence;

23.    Motion to Exclude Any Evidence or Argument that Defendants will have to Personally Pay Any Judgment;

24.    Motion to Exclude Any Evidence or Argument Regarding the Financial Status of Plaintiff's Attorneys;

25.    Motion to Exclude Any Evidence or Argument Regarding When Plaintiff's Attorneys were Employed;

26.    Motion to Exclude Any Evidence or Argument Regarding Expressions of Sorrow or Sympathy by any Defendant or Defense Attorney;

27.    Motion to Exclude Any Evidence or Argument that Reference "tort reform" or the "insurance crisis;"

28.    Motion to Prevent Argument Contrary to Law Regarding Otherwise Admissible Evidence of Mr. Lowe's Non-Collision Related Medical Conditions; and

29.    Motion Seeking to Exclude References to Motions *in Limine*.

## **MOTION *IN LIMINE* NUMBER 1:**

### **SEEKING EXCLUSION OF ARGUMENT OR INFERENCES PLAINTIFF STEVE LOWE'S ACTIONS OR OMISSION CAUSED OR CONTRIBUTED TO THE CAUSE OF THE SUBJECT COLLISION**

Defendants have stipulated that they were negligent and the sole cause of the underlying tractor-trailer collision.  Defendants should be prohibited from arguing or implying that Plaintiff Steve Lowe's actions or omission caused or contributed to the cause of the subject collision.   Given that there is no legitimate basis to argue, suggest, or imply that Plaintiff Steve Lowe's actions or omission caused or contributed to the cause of the subject collision, any argument or suggestion to the contrary would be improper, and would force Plaintiffs to call unnecessary rebuttal witnesses to refute those allegations or suggestions.  The Court should exclude such evidence, allegation, inquiry, inference, argument, or suggestion, as they lack foundation, and are inadmissible under Fed. R. Evid. 403.

## MOTION *IN LIMINE* NUMBER 2:

## SEEKING EXCLUSION OF ARGUMENT OR SUGGESTION THAT COLLISION WAS AN ACCIDENT

Plaintiffs file this motion to prevent Defendants or their counsel from suggesting that the collision was merely an accident irrelevant and prejudicial under F.R.E. 402 & 403.   Georgia courts have repeatedly noted that "[t]he Supreme Court abolished the defense of 'legal accident' in Georgia." *McGee v. Jones*, 232 Ga. App. 1, 6, 499 S.E.2d 398, 402, (1998) *citing Tolbert v. Duckworth*, 262 Ga. 622, 623, 423 S.E.2d 229 (1992).  Any suggestion by defense counsel that this was an accident would confuse the jury.  Further, it improperly implies that Plaintiffs have the burden to prove that this collision was not accident. Therefore, the probative value of any suggestion that the collision was merely an accident is substantially outweighed by the unfair prejudicial effect.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 2 and enter an order excluding any argument, evidence or suggestions to the jury that no one is to blame and that the subject collision was merely an accident.

## MOTION *IN LIMINE* NUMBER 3:

## SEEKING TO EXCLUDE EVIDENCE OF THE EFFECT
## OF A LARGE VERDICT ON DEFENDANTS

Plaintiffs file this Motion to prevent Defendants or their counsel from seeking to discuss, suggest or argue that a significant verdict against Defendant will negatively impact his life and his future.   Defendants is retired.   Any suggestion to the jury that it would be unfair for Plaintiffs to obtain a significant verdict against Defendants or that a significant verdict will negatively affect his future or ability to afford his current life is inappropriate.   Any such arguments and suggestions are irrelevant to the determination at hand and would prejudice the jury to make a decision based on something other than the facts of the case and the applicable law.   *See* F.R.E. 402 and 403; *Adams v. Camp Harmony Association*, 190 Ga. App. 506, 508 (1989) (effect of verdict an improper consideration).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 3 and enter an order excluding any argument, evidence or suggestions to the jury regarding any potential negative impact this verdict could have on Defendants.

## MOTION *IN LIMINE* NUMBER 4:

## SEEKING TO EXCLUDE EVIDENCE OF
## THE FINANCIAL STATUS THE PARTIES IN THIS ACTION

Plaintiffs move to exclude any reference to the financial status of any party as irrelevant and prejudicial.  *See* F.R.E. 402 and 403; *Denton v. Conway Express, Inc.*, 261 Ga. 41 (1991)("'[A] man's treatment before the bar of Justice should not vary with his financial condition.") *quoting Garrett v. State*, 125 Ga.App. 743, 744 (1972); *Adams v. Camp Harmony Association*, 190 Ga. App. 506, 508 (1989); *Northwestern University v. Crisp*, 211 Ga. 636, 641 (1955); *Brunswick & Western Railroad Co. v. Wiggins*, 113 Ga. 842, 850 (1901).  Any suggestion or argument that the verdict should be reduced based on Defendants' or Plaintiffs' financial status is improper and could lead the jury to make its determination based on invalid grounds.  "Evidence of the wealth or worldly circumstances of either party is inadmissible."  *Webb v. Thomas Trucking*, 255 Ga. App. 637, 641, 566 S.E.2d 390, 395 (2002).  Neither party's financial status is relevant to the issues in dispute in this case; therefore, any discussion regarding what Plaintiffs or Defendants can or cannot afford to do, how much property they own, and/or their overall wealth is inadmissible.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 4 and enter an order excluding any argument, evidence or suggestions to the jury regarding the parties' financial status and wealth or lack thereof.

## MOTION *IN LIMINE* NUMBER 5:

## SEEKING EXCLUSION OF COLLATERAL SOURCE EVIDENCE

Plaintiffs move to exclude any evidence related to any collateral source payments including those made by any insurance company, Medicare, or any other entity on to satisfy all or part of the medical bills. This also includes any adjustments or write-offs made by any of Plaintiff's medical providers. Collateral source evidence is inadmissible under Georgia law. *See e.g. Candler Hosp., Inc. v. Dent*, 228 Ga. App. 421, 491 S.E.2d 868 (1997) and *McDonald v. Simmons*, 207 Ga. App. 692, 428 S.E.2d 690 (1993). Tortfeasors cannot derive any benefit from a reduction in damages for expenses paid by third parties including insurance companies. *Olariu v. Marrero*, 248 Ga. App. 824, 549 S.E.2d 121 (2001).

Legislative efforts to abrogate the collateral source rule were held to be unconstitutional by the Georgia Supreme Court for violating the equal protection clause of Georgia's Constitution. *See Denton v. Con-Way S. Express, Inc.,* 261 Ga. 41, 402 S.E.2d 269 (1991). In *Denton*, the Supreme Court of Georgia called

collateral source evidence "inherently prejudicial." Id. at 45-46.   "The collateral source rule [continues to bar] the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments." *Kelly v. Purcell*, 301 Ga. App. 88, 91, 686 S.E.2d 879, 882 (2009); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124, 637 S.E.2d 832, 833 (2006).   The rationale for the continued application of the collateral source rule in Georgia is that "a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others."   *Kelly* at 91.   Accordingly, Defendants should be precluded from presenting any evidence related to any collateral source payments made on behalf of Plaintiff.

Finally, Plaintiffs are not even seeking medical bills as an element of their damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 5 and enter an order excluding any argument, evidence or suggestions to the jury regarding any collateral source payments made on behalf of the Plaintiffs.

## MOTION *IN LIMINE* NUMBER 6:

## SEEKING EXCLUSION OF ANY SUGGESTION OR IMPLICATION THAT PLAINTIFFS ARE GREEDY

Plaintiffs file this motion to exclude any evidence or argument of any kind that suggests or implies that Plaintiffs are greedy, acting immorally, or are otherwise acting improperly for seeking full compensation under the law. Defendants and their counsel should not be permitted to make arguments that suggest things such as Plaintiffs and/or their attorneys are motivated by greed or selfishness. These types of arguments are irrelevant and prejudicial and should therefore be excluded. *See* Fed.R.Evid. 402 and 403; *Gielow v. Strickland*, 185 Ga. App. 85, 86 (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); *Central of Georgia Railway v. Swindle*, 260 Ga. 685, 687 (1990) (trial should not be invaded by improper considerations).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 6 and enter an order excluding any argument, evidence or suggestions to the jury that Plaintiffs and/or their attorneys are greedy or that Plaintiffs and/or their attorneys are otherwise acting improperly by seeking full compensation under the law.

## MOTION *IN LIMINE* NUMBER 7:

## SEEKING EXCLUSION OF ANY STATEMENTS REGARDING THE LOTTERY OR GAMBLING

Plaintiffs file this Motion to prevent such an improper and flagrantly prejudicial suggestion to the jury. Arguments comparing lawsuits to playing the lottery have become more prevalent in recent years.  While there has not been a case directly on point which has reached the Georgia Court of Appeals, the South Dakota Supreme Court has considered this precise issue.

In *Schoon v. Looby*, 2003 S.D. 123, 670 N.W.2d 885 (2003), a plaintiff in a medical malpractice case appealed from a defense verdict and the denial of a motion for new trial.  The basis for the appeal was improper comments of defense counsel during final argument.  Those comments included referring to the lawsuit as the plaintiff's quest for "Lotto or Powerball or whatever they call it, let's really roll the dice big." *Schoon,* 670 S.W.2d at 890.

The South Dakota Supreme Court reversed the trial court's denial of the motion for new trial.  In rendering its opinion, the court wrote:

> Defense counsel's accusation that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself.... The comments denigrated the fairness, integrity and public perception of the judicial system.  Counsel's reference to playing lotto or powerball, or rolling the dice, ***were only meant to inflame the jury, and were beyond the bounds of proper final argument***.  These comments would not have gone unheeded

by the jury.  The judge and jury rely on the lawyers to present their arguments to help the jury sort out the evidence and understand how the law applies to the facts.  Interposing remarks such as we see here add nothing to that objective, and ***can only be meant to persuade the jury to decide the case based on passion and prejudice.***

Id. at 891 (emphasis added).  Because of the prejudicial and inflammatory nature of such an argument, any suggestion that Plaintiffs' interests in such things are "hitting it big," "gambling," or "playing the lottery" — rather than for seeking compensation for actual injury sustained—should be precluded as demeaning not only to Plaintiffs, but to the judicial system itself.  Plaintiffs are seeking damages and the jury should award damages based upon the evidence and testimony presented at trial.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 7 and enter an order excluding any argument, evidence or suggestions to the jury that by pursuing this action Plaintiffs are playing the lottery or seeking to hit it big or any other similar suggestion.

## MOTION *IN LIMINE* NUMBER 8:

## SEEKING EXCLUSION OF ANY STATEMENTS REGARDING THE TAX IMPLICATIONS OF ANY VERDICT

Plaintiffs file this motion to exclude any evidence that any recovery by Plaintiffs either would or would not be subject to federal income tax or any other form of taxation or how any award would be paid.  This evidence is irrelevant and prejudicial and should therefore be excluded.  *See* F.R.E. 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 8 and enter an order excluding any argument, evidence or suggestions to the jury regarding the tax implication of any potential verdict in this matter.

## MOTION *IN LIMINE* NUMBER 9:

## SEEKING EXCLUSION OF ANY STATEMENTS REGARDING THE EFFECTS OF ANY VERDICT ON INSURANCE RATES, PREMIUMS OR CHARGES

Plaintiffs file this motion to exclude any reference or suggestion regarding the effect or results of a claim, suit or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to the parties in question as a result of this or any other lawsuit or claim.   This evidence is irrelevant and prejudicial and should therefore be excluded.  *See* F.R.E. 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 9 and enter an order excluding any argument, evidence or suggestions to the jury regarding any potential effect this claim/lawsuit or any claim/lawsuit may have on insurance rates, premiums or charges in general or as applied to this action.

## MOTION *IN LIMINE* NUMBER 10:

## SEEKING TO EXCLUDE ANY ALLEGATIONS CLAIMING PLAINTIFF STEVE LOWE WAS USING HIS CELL PHONE

Defendants have stipulated that they were negligent and the sole cause of the underlying tractor-trailer collision.  Defendants should be prohibited from arguing or implying that Plaintiff Steve Lowe was on a cell phone at the time of the collision.   Given that there is no legitimate basis to argue, suggest, or imply that Plaintiff was on the telephone, any argument or suggestion to the contrary would be improper, and would force Plaintiffs to call unnecessary rebuttal witnesses to refute those allegations or suggestions.  The Court should exclude such evidence, allegation, inquiry, inference, argument, or suggestion, as they lack foundation, and are inadmissible under Fed. R. Evid. 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 10 and enter an order excluding any argument, evidence or suggestions to the jury from arguing or implying that Plaintiff Steve Lowe was on a cell phone at the time of the collision.

## MOTION *IN LIMINE* NUMBER 11:

## SEEKING TO EXCLUDE ANY ALLEGATIONS CLAIMING PLAINTIFF STEVE LOWE WAS NOT WEARING HIS SEATBELT

The Court should exclude any evidence, comment, question, inquiry, or argument that Steven Lowe was not wearing a seatbelt at the time of the accident, or that Defendant Armas Armelio was not wearing his seat belt at the time of the collision.   Under Georgia substantive law, evidence concerning seatbelt use is inadmissible on the issues of negligence, causation, and damages. O.C.G.A § 40-8-76.1 (d); *Denton v. Daimlerchrysler Corp.*, 645 F. Supp. 2d 1215, 1221 (N.D. Ga. 2009); *also see,* Fed. R. Evid. 401- 404.   Seatbelt evidence is plainly inadmissible and should be excluded.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 11 and enter an order excluding any argument, evidence, or suggestions to the jury that Steven Lowe was not wearing a seatbelt at

the time of the accident, or that Defendant Armas Armelio was not wearing his seat belt at the time of the collision.

## MOTION *IN LIMINE* NUMBER 12:

## SEEKING TO EXCLUDE COLLATERAL SOURCE EVIDENCE REGARDING PLAINTIFF

The Lowes move to exclude collateral source evidence, to include health insurance for payment of medical expenses, write-offs, unemployment, or other collateral sources.   Under Georgia's collateral source rule, a defendant is prohibited from "presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payment." *See Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006); *Warren v. Ballard*, 266 Ga. 408, 409–10 (1996).

Moreover, in the present case, the Lowes are not asserting a claim for the recovery of any medical bills incurred as a result of the subject collision.  This, any such evidence or testimony would only serve to cause confusion among the jurors regarding an issue that is not even at issue in this case.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 12 and enter an order excluding any argument, evidence or suggestions to the jury regarding collateral source evidence such as

insurance coverage, health insurance, disability benefits, medical payments, advances, loans, or other inadmissible collateral source evidence under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 13:

### SEEKING TO EXCLUDE ANY ARGUMENTS OR TESTIMONY REGARDING THE EFFECT OF THE COLLISION AND LAWSUIT ON DEFENDANTS OR BUSINESSES GENERALLY

The Court should exclude any argument or evidence about the effect of the collision or lawsuit on Defendants or their employees or on businesses generally. For example, Defendants should be prohibited from testifying that the accident had a financial impact on Defendants' company his family or that it has impacted their ability to operate or obtain insurance. Defendants have insurance in this case, so financial considerations to date have not affected him.  Also, this type of evidence is improper because it invites the jury to disregard liability and damages by eliciting sympathy on irrelevant issues. *See Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988) ("Such a statement, by implying a basis for the verdict other than the evidence presented, could cause the jury to lose sight of the essential issue and 'impair its calm and dispassionate consideration of the case.'"); *Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756–57 (6th Cir. 1980)

(ordering new trial because counsel prejudiced jury by referring to defendant's size and power).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 13 and enter an order excluding any argument, evidence or suggestions to the jury regarding the effect of the collision and lawsuit on defendants or businesses generally. These topics and arguments are inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 14:

### SEEKING TO EXCLUDE THE EXISTENCE OF A CONTINGENCY FEE CONTRACT BETWEEN THE LOWES AND THEIR COUNSEL

The Lowes move to exclude any inquiry or comment about a contingency fee between him and his counsel.  Such evidence is irrelevant and unfairly prejudicial under Rules of Evidence 401 and 403.  "[T]here is no legal basis for referring to attorneys' fees and costs at trial."  *Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-cv-KING, 2014 U.S. Dist. LEXIS 140310, at *2 (S.D. Fla. Oct. 2, 2014). The evidence should be excluded, especially because the Court ruled that they are not recoverable by Plaintiff on matters before the jury.[1]

---

[1] Concerning any post-trial O.C.G.A. § 9-11-68 claim, Plaintiff's contract may become admissible, but those matters are post trial and to be decided by the Court.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 14 and enter an order excluding any argument, evidence or suggestions to the jury regarding the existence of a contingency fee contract between the Lowes and their counsel. Plaintiffs' contingency fee agreement is inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 15:

## SEEKING TO EXCLUDE ANY ALLEGATIONS OR ARGUMENTS THAT THIS CASE IS ABOUT "GREED" AND/OR THAT PLAINTIFFS AND/OR COUNSEL ARE MOTIVATED BY GREED

Further, Plaintiffs also objects to any argument that this case is about "greed" or other impermissible purpose.  The Court of Appeals of Georgia has found it "clearly" improper for defense counsel to argue that "this case is about greed and greed on top of greed . . . . [E]verybody sitting at the table with [the plaintiff] has a financial interest in the outcome of this case[,]" and such principles are instructive to this case. *Booker v. Older Ams. Council of Middle Ga.*, 278 Ga. App. 407, 408 (2006).  This Court should exclude any comment, argument or otherwise about greed as such comments or arguments are irrelevant, inadmissible.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 15 and enter an order excluding any argument, evidence or suggestions to the jury that this case is about "greed" and/or that

Plaintiffs and/or counsel are motivated by greed.  Any such arguments would be false, misleading, unprofessional, insulting and unfairly prejudicial and inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 16:

### SEEKING TO EXCLUDE ANY ALLEGATIONS OR ARGUMENTS THAT SPINE CENTER OF ATLANTA HAS A TREATED PLAINTIFF STEVE LOWE ON A LETTER PROTECTION

The fact that Spine Center Atlanta has treated Plaintiff on a lien has no relevance to any issue sought to be tried in this case.  Plaintiff expects that Defendants will argue that it should be admitted to show bias on the part of Plaintiff Steven Lowe's treating physician, Dr. Brian Adams, and/or that Dr. Adams has a financial interest in the outcome of this trial.

Defendants' assertions in this regard are unfounded.  In response to deposition questions posed by Defendants, Dr. Adams testified that he has no w=ownership interest in Spine Center Atlanta or any of its affiliated companies.  Additionally, Dr. Adams testified that he is not even an employee but an independent contractor. Finally, Dr. Adams testified that he is paid on a *per diem* basis, regardless of the number of patients he sees or medical procedures that he performs.  Dr. Adams is not eligible for any type of production bonuses or profit-sharing. The outcome of

this case will have no bearing on the amount of money that Dr. Adams will be paid by Spine Center Atlanta or any of its affiliate companies.  Furthermore, Plaintiff is not even seeking an award for medical bills in this case.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 16 and enter an order excluding any argument, evidence or suggestions to the jury that Spine Center of Atlanta has a treated Plaintiff Steven Lowe on a letter protection. These topics and arguments are inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 17:

### SEEKING TO EXCLUDE ANY ALLEGATIONS OR ARGUMENTS THAT THE UNDERSIGNED'S LAW FIRM AND/OR ITS ATTORNEYS WERE IN A "PARTNERSHIP" OR  "PARTNERS" OR "REFERRAL PARTNERS" WITH ANY MEDICAL PROVIDERS AND/OR WERE PART OF SOME SORT OF ILLICIT SCHEME

Neither the undersigned law firm nor any of its attorneys are a part of any partnership with any of Plaintiffs' medical providers in this case.  Furthermore, neither the undersigned law firm nor its attorneys are engaged in any such illegal of illicit schemes.   Defendants have presented no evidence of such during discovery in this case.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 17 and enter an order excluding any argument,

22

evidence or suggestions to the jury that the undersigned's law firm and/or its attorneys were in a "partnership" or "partners" or "referral partners" with any medical providers and/or were part of some sort of illicit scheme. Any such arguments would be false, misleading, unprofessional, insulting and unfairly prejudicial and inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 18

## SEEKING TO EXCLUDE ANY ATTEMPT BY DEFENDANTS TO APPORTION FAULT TO A NON-PARTY

This Court should exclude any evidence, testimony, or argument seeking to blame a non-party for the Lowe's injuries or damages.  Defendants have stipulated to being the sole cause of the subject collision. Moreover, Defendants have not identified a non-party, who might share fault for the Lowe's injuries and damages. Under Georgia substantive law, O.C.G.A. § 51-12-33(d), Defendants were required to identify any non-party at fault "not later than 120 days prior to the date of trial." Because they did not identify a nonparty within that time frame, they are now barred from introducing such evidence or argument.  *See Freese II, Inc. v. Mitchell*, 318 Ga. App. 662, 666–67 (2012) ("[Defendant] filed no notice and did not raise the issue of apportionment until the first day of trail. Under the plain language of the statute, therefore, apportionment could not be considered.").   As

23

such, any comment, argument, or evidence related to any alleged fault of a non-party should be excluded.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 18 and enter an order excluding any argument, evidence or suggestions to the jury regarding any attempt by Defendants to apportion fault to a non-party.

## MOTION *IN LIMINE* NUMBER 19:

## SEEKING TO EXCLUDE ANY EVIDENCE OR TESTIMONY CONCERNING WARNINGS, DISCIPLINE AND/OR JOB TERMINATIONS FROM FORMER EMPLOYERS.

Plaintiffs are not seeking lost wages as an element of their damages in this case. The Lowes move to exclude any evidence or argument concerning warnings or discipline and/or job terminations he may have received from any of his former employers. This evidence is irrelevant on the issues in this case and inadmissible under Federal Rules of Evidence 401–404.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 19 and enter an order excluding any argument, evidence or suggestions to the jury concerning warnings, discipline and/or job terminations from former employers. These topics and arguments are inadmissible under Fed. R. Evid. 401 – 403.

## MOTION *IN LIMINE* NUMBER 20:

## SEEKING TO EXCLUDE ANY ALLEGATIONS CONCERNING PLAINTIFF STEVEN LOWE'S PRIOR DRIVING HISTORY

Defendants have stipulated to being the sole cause of the subject collision. Any testimony regarding the history of any moving violations and/or prior accident by Plaintiff is wholly inadmissible in this case and should not be permitted.   *See*, Fed. R. Evid. 401–404.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion *in Limine* No. 20 and enter an order excluding any argument, evidence or suggestions to the jury regarding Plaintiff's Steven Lowe's prior driving history.

## MOTION *IN LIMINE* NUMBER 21:

## SEEKING EXCLUSION OF ANY EVIDENCE OR TESTIMONY REGARDING PLAINTIFF'S ATTORNEYS SHARING IN ANY JUDGMENTS

Plaintiffs move *in limine* seeking to exclude any evidence or testimony regarding Plaintiff's attorneys sharing in any judgments. The fact that Plaintiffs and their attorneys have a contingent fee arrangement is not relevant to any of the issues in dispute in this case. The Georgia Court of Appeals squarely addressed this issue in *Stoner v. Eden*, 199 Ga. App. 135, 404 S.E.2d, 283 (1991), where it

held that defense counsel's remarks related to plaintiff's attorneys' share in the proceeds of any judgment awarded to the were "totally improper." *Stoner*, 199 Ga. App. at 137. "The source of payment of attorney fees is irrelevant to the issue of damages. Evidence of it would be inadmissible, and argument on it is doubly wrong." *Id.* The Court's rationale is that such remarks would suggest to the jury that the lawsuit was manufactured, and that would be impermissibly prejudicial. *Id.*

Similarly, in *Booker v. Older Americans Council of Middle Georgia, Inc.,* 278 Ga. App. 407, 629 S.E.2d 69 (2006), the Court found it was improper for defense counsel to remark in closing argument that "this case is about greed and greed on top of greed . . . everybody sitting at the table with [the plaintiff] has a financial interest in the outcome of this case." *Booker*, 278 Ga. App. at 408.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant her Motion *in Limine* No. 21 and enter an order excluding any evidence, argument, or suggestions to the jury that Plaintiffs' attorneys have a contingency agreement with Plaintiffs and/or that their fees will come out of any verdict.

## PLAINTIFF'S MOTION *IN LIMINE* NUMBER 22:

## SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT REGARDING IRRELEVANT ECONOMIC EVIDENCE

Plaintiffs move *in limine* to bar evidence or argument regarding irrelevant economic evidence. Defendants should be prohibited from introducing in any way before the jury that annuities and other investment vehicles are available and that the jury should consider the availability of these investment vehicles in determining an appropriate verdict. Such assertions, evidence and argument are irrelevant, prejudicial and improper and allowing them constitutes reversible error. Plaintiffs move for an Order prohibiting Defendants and Defendants' counsel from introducing in any way before the jury that a given amount of money could be utilized to purchase annuities or other insurance investment contracts. *Gusky v. Candler Gen. Hosp., Inc.,* 192 Ga. App. 521 (1989); *See also  Barnes v. Wall*, 201 Ga. App. 228 (l991); *CSX Transportation, Inc. v. Levant*, 200 Ga. App. 856 (1991); rev'd on other grounds, 262 Ga. 313 (1992); *Central of Georgia Ry Co. v. Bulls*, 211 Ga. App. 619 at 621 (1994)("What Central attempted to do was elicit testimony showing how much money someone could earn by taking an award of damages and investing it. This type testimony is prohibited.").

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant her Motion *in Limine* No. 22 and enter an order prohibiting any mention of the availability and/or effect of investment of proceeds during the trial of this case.

## PLAINTIFF'S MOTION *IN LIMINE* NUMBER 23:

## SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT THAT DEFENDANTS WILL PERSONALLY HAVE TO PAY ANY JUDGMENT

Plaintiffs move *in limine* to exclude any comment, implication, or innuendo that the Defendants will personally have to pay any judgment rendered against them or that the Defendants are of modest means who cannot afford to pay a substantial judgment. This would include any reference concerning Defendants designed to give the jury the impression that the defendants cannot pay a substantial judgment, and therefore, inadequate damages should be awarded. *See* F.R.E. 401. Therefore, Plaintiffs respectfully request this motion be granted.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant her Motion *in Limine* No. 23 and enter an order prohibiting any comment, implication, or innuendo that the Defendants will personally have to pay any judgment rendered against them or that the Defendants are a small company/ "mom and pop" company or of modest means, who cannot afford to pay a substantial judgment.

## PLAINTIFF'S MOTION *IN LIMINE* NUMBER 24:

## SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT REGARDING THE FINANCIAL STATUS OF PLAINTIFF'S ATTORNEYS

Plaintiffs move *in limine* to bar any reference to the financial status of Plaintiffs' attorneys. Plaintiffs move that the Court bar any reference or suggestion to the income or financial status of the Plaintiffs' attorneys. The issue of the wealth or income of the attorneys should not become an issue in the case. *See* F.R.E. 402 and 403.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant her Motion *in Limine* No. 24 and enter an order prohibiting any reference to the financial status of Plaintiffs' attorneys.

## PLAINTIFF'S MOTION *IN LIMINE* NUMBER 25:

## SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT REGARDING WHEN COUNSEL WAS EMPLOYED

Plaintiffs move *in limine* to bar any reference to when counsel was employed. Plaintiffs move that the Court bar any reference or suggestion regarding the time or circumstances, under which Plaintiffs employed any of her attorneys, as irrelevant to the issues in this case. *See* F.R.E. 402 and 403.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant her Motion *in Limine* No. 25 and enter an order prohibiting any reference to when Plaintiff's attorneys were hired.

### PLAINTIFF'S MOTION *IN LIMINE* NUMBER 26:

### SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT REGARDING THE EXPRESSION OF SORROW OR SYMPATHY BY ANY DEFENDANT OR THEIR COUNSEL

Plaintiffs move *in limine* to exclude any evidence, testimony, argument, comment, reference, or questioning of witnesses regarding expressions of sorrow, sympathy or regret in any form by any Defendant or their counsel. These matters are irrelevant to the issues of liability and damages in this case and should not be permitted in the presence of the jury. *See* F.R.E. 401. Relevant evidence is that which relates to the questions being tried by the jury and irrelevant evidence must be excluded. Whether the Defendants are sorry or sympathetic, and especially whether their counsel are sorry or sympathetic toward Plaintiff is not at issue in this case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant her Motion *in Limine* No. 26 and issue and order preventing Defendants or their counsel from making any expression in any form of sorrow, sympathy, or regret to Plaintiff in the presence of the jury.

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 27:**

**SEEKING EXCLUSION OF ANY EVIDENCE OR ARGUMENT THAT REFERENCE "TORT REFORM" OR "INSURANCE CRISIS"**

Plaintiffs move *in limine* to exclude any evidence, testimony, argument, comment or reference to "tort reform," the "insurance crisis" or a similar statement. All of these references should be precluded as misleading, highly prejudicial, and entirely irrelevant to any issue in this case. *See* F.R.E. 401 (Relevant evidence is that which will "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); See F.R.E. 402 ("Evidence which is not relevant shall not be admissible."); *Perryman v. Dekalb Co. Hosp. Auth.,* 197 Ga. App. 505, 507, 398 S.E.2d 745, 747 (1990) ("evidence that is both irrelevant and prejudicial is inadmissible").

In addition to being entirely irrelevant to the issues in this case, attacks on the civil justice system in general and plaintiffs' lawyers in general, or references to "tort reform" or "frivolous lawsuits" are unduly prejudicial and would only serve to confuse and mislead the jury. Thus, even if there was some purported relevance to the issues in this case (which is there is not), these attacks should not be admitted because their extreme prejudice would substantially outweigh any

probative worth. *See* F.R.E. 403; *Kicklighter v. Woodward*, 267 Ga. 157, 161, 476 S.E.2d 248, 252 (1996); *Brock v. Wedincamp*, 253 Ga. App. 275, 282, 558 S.E.2d 836, 842 (2002) ("[I]rrelevant matters which improperly tend to reflect adversely on the victim's character, which destroy a juror's impartiality, or which only excite the passions of the jurors should not be admitted." (*quoting Cook v. State*, 232 Ga. App. 796, 797, 503 S.E.2d 40, 42 (1998))). The civil justice system in general, plaintiffs' lawyers in general, and "tort reform" are not on trial in this case. Reference to or innuendo on these topics would inject irrelevant, highly prejudicial, and inflammatory issues into the case, thereby confusing and misleading the jury. Raising these issues would only be an attempt to distract the jury from the real issues in the case and to inappropriately malign Plaintiff and the civil justice system.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant their Motion *in Limine* No. 27 and enter an order excluding any evidence, testimony, argument, comment or reference to "tort reform," the "insurance crisis" or a similar statement.

## PLAINTIFF'S MOTION *IN LIMINE* NUMBER 28:

### SEEKING TO PREVENT ARGUMENT CONTRARY TO LAW REGARDING OTHERWISE ADMISSIBLE EVIDENCE OF MR. LOWE'S NON-COLLISION RELATED MEDICAL CONDITIONS

This motion seeks to prevent Defendants and their counsel from making inappropriate arguments or suggestions to the jury based upon Mr. Lowe's comorbidities including that he was overweight at the time of the collision, and therefore was more prone to injury than the average person or that his comorbidities complicated his recovery after the subject collision.

As discussed below, these types of arguments are improper because they amount to a request by defense counsel for the jury to do something in contradiction to applicable law, which states that Defendants must take Plaintiff in "whatever condition [they] find him" or they will confuse the jury.  *See, AT Systems Southeast, Inc. v Carnes, infra.*

Plaintiff anticipates that Defendants will seek that his weight was the cause of his low back pain and/or that it made hm more susceptible to injury and/or that it hampered his ability to heal form the injuries that he suffered in this collision. Defendants' intention to make these arguments is clear from the questions asked by Defendants' counsel during depositions in this case and other statements.

It is inappropriate and contrary to law to suggest to the jury that the damages should be reduced or lessened because Mr. Lowe was more prone to injury and/or that his weight made it more difficult for him to recover from the injuries he suffered in the subject collision.

"[I]t has long been the rule that a tortfeasor takes a plaintiff in whatever condition he finds him. A negligent actor must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act [is] negligent." *AT Systems Southeast, Inc. v Carnes*, 272 Ga.App. 671, 673 (2005); *Coleman v Atlanta Obstetrics & Gynecology Group, P.A., 194* Ga.App. 508, 510 (1990). *See also Cordero v. State*, 296, Ga. 703, 712 (2015)("[t]he tortfeasor takes his victim as he finds him").  Georgia law places "broad responsibility" on tortfeasors and "[i]f the person a tortfeasor negligently cuts, happens to be a hemophiliac, who bleeds to death where most others would have survived, the tortfeasor remains responsible for that wrongful death." *Cowart v Widener,* 287 Ga. 622, 628 (2010).

In accordance with Georgia law, Plaintiff intends to request the following charge on the "egg shell plaintiff rule":

Members of the jury, I charge you that a defendant takes a plaintiff in whatever condition they find him. A defendant must bear the risk that

their liability may be increased by reason of the actual physical condition of the patient toward whom their acts are negligent.

*AT Systems Southeast, Inc. v. Carnes*, 272 Ga. App. 671, 673 (2005)(approving "egg shell plaintiff" charge); *Setliff v. Littleton*, 264 Ga. App. 711, 714 (2003)(approving "egg shell plaintiff" charge).

Defendants have provided no support— expert or otherwise—for its assertion that an average person would not have been seriously injured in the subject collision.   However, for purposes of this motion, assuming that Defendant's assertion is correct, would still be entitled to the full amount of damages.  The legal authority cited above establishes that Defendants must take Mr. Lowe in whatever condition they found him at the time of this tractor-trailer collision.   If Mr. Lowe was more prone to injury, the law clearly states that Defendants are liable for the full amount of the damages.

Accordingly, there is no probative value to seek to introduce evidence or argue to the jury that Mr. Lowe was more prone to injury than the average person. The only purpose behind making such an argument would be to confuse the jury and hope that they reach a verdict based on improper grounds.  If the jury were to hear such evidence or argument, they may decide that it would be unfair to award full damages against Defendants who had the misfortune of colliding with an car

occupied by a person who was more prone to serious injury. This would be an improper basis for a verdict and in contradiction to the law.

Plaintiff's own medical expert, Dr. Keith Osborn, testified that Plaintiff's weight would not have played a part in causing any of his claimed injuries in this case but that it could impede his ability to heal. Additionally, Dr. Osborn also agreed that the type of injuries that Plaintiff Steven Lowe suffered in this injury could also cause him to gain weight that he otherwise would not have gained had he not been injured.

Page 86 of Dr. Osborn deposition:

```
23 Q. Someone in this case made the assertion
24 that it was Mr. Lowe's weight that was causing all of
   25 these problems. I didn't see that in your opinions
```

Page 87 of Dr. Osborn deposition:

```
1 Do you hold that opinion in this case?
2 A. No, I think his weight is a -- a
3 patient's weight can be an impediment to their
4 improvement following an injury, because if you
5 strapped on another 100 or 150 pounds after you hurt
6 your knee, it would probably make your knee hurt more.
7 So that doesn't mean he was hurting before the injury,
8 but an excessive amount of weight can make it more
9 difficult for your body to heal and recover following
10 an injury.
11 Q. Right.
12 A. But, you know, I don't think that's
13 integral in the etiology of his pain or injury. It
14 makes him at higher risk for complications of
15 procedures.
16 Q. And "etiology" is a fancy way of you're
```

```
17 saying that just because he's overweight, you don't
18 think that would have been the cause of his pain
19 complaints but it may impact his ability to heal?
20 A. Correct.
21 Q. And you also understand that, I would
22 imagine, when someone hurts their back, their neck and
23 their shoulder and they are unable to do the physical
24 activities that they used to be able to do, that can
25 cause them to gain weight?
```

Page 88 of Dr. Osborn deposition:

```
1 A. If they are not active and they continue
2 to eat the same way, then they will probably gain
3 weight.
4 Q. And it is weight they would not have
5 gained had they not been injured in the first place --
6 A. That's correct.
```

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant their Motion *in Limine* No. 28 and enter an order excluding any argument, evidence or suggestions to the jury: (1) that Mr. Lowe was more prone to injury; (2) that the average person would not have been seriously injured in the subject collision; (3) that Mr. Lowe's weight or other medical conditions complicated his post-collision recovery. Plaintiff further requests that the Court's order on this motion prevent Defendants from introducing evidence of Mr. Lowe's non-accident medical conditions, including obesity.

## MOTION *IN LIMINE* NUMBER 29:

## SEEKING TO EXCLUDE REFERENCE TO MOTIONS IN LIMINE

Plaintiffs seek to exclude all reference to the filing of, opposition to, or ruling on, all motions *in limine* filed in this matter. Further, Plaintiffs move to exclude any comment by counsel suggesting or inferring to the jury that Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter. F.R.E 402 states evidence which is not relevant is not admissible. In the present case, reference to the fact that Plaintiffs' Motions *in Limine* have been filed or any ruling by the court in response to those motions is not probative of any issue for the jury's determination.   Accordingly, no mention of Plaintiffs' Motions *in Limine* should be made in the presence of the jury which would indicate to the jury that evidence or topics have been or are being excluded from its consideration.

This 1st day of July 2022.

WLG ATLANTA, LLC

*/s/ R. Sean McEvoy*
R. SEAN MCEVOY ESQ.
GEORGIA BAR NO. 490918
ATTORNEY FOR PLAINTIFFS

600 PEACHTREE STREET NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-480-7540
E-MAIL:     SEAN.MCEVOY@WITHERITELAW.COM

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman, 14-point font.

The undersigned also certifies that on this date, I electronically filed PLAINTIFFS' FIRST CONSOLIDATED MOTIONS *IN LIMINE* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Scott W. McMickle, Esq.
Matthew R. Sessions, Esq.
McMickle Kurey & Branch
217 Roswell Street, Suite 200
Alpharetta, GA 30009
***Attorney for Defendants***

This 1ˢᵗ day of July 2022.

*/s/ R. Sean McEvoy*
R. Sean McEvoy
State Bar No. 490918
Counsel for Plaintiff