UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN LOWE and SIOBHAN
LOWE,

        Plaintiffs,

     v.

DIFEI TRANSPORT, LLC and
ARMAS ARMELIO,

        Defendants.

CIVIL ACTION NO.

1:20-CV-5224-CAP

## O R D E R

On November 20, 2020, the plaintiff Steven Lowe filed a complaint against the defendants Difei Transport LLC ("Difei") and Armas Armelio seeking damages for injuries he sustained after a tractor trailer driven by Armelio and owned by Difei collided with his vehicle on Interstate 75 in Henry County, Georgia. The defendants removed the action to federal court on December 28, 2020 [Doc. No. 1]. On October 26, 2021, Lowe filed an amended complaint adding a loss of consortium claim by his wife Siobhan Lowe [Doc. No. 60]. Discovery has closed, and this case is scheduled for trial on August 22, 2022. Currently pending are the defendants' motion to exclude the expert testimony of Dr. Brian Adams [Doc. No. 64] and the plaintiffs' motion for entry of a qualified protective order [Doc. No. 89].

## I. Motion to Exclude Expert Testimony

The Federal Rules of Evidence require that expert testimony be offered

by a witness "who is qualified . . . by knowledge, skill, experience, training, or

education," and that:

> (a) the expert's scientific, technical, or other specialized
> knowledge will help the trier of fact to understand the evidence
> or to determine a fact in issue; (b) the testimony is based on
> sufficient facts or data; (c) the testimony is the product of reliable
> principles and methods; and (d) the expert has reliability applied
> the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In accordance with Rule 702, the court may thus admit

expert testimony if: (1) the witness is "qualified" as an expert, such that he

can testify competently with regard to a matter at issue: (2) the testimony is

reliable enough to be considered knowledge in the relevant discipline; and (3)

the testimony is relevant, in that it assists the trier of fact to understand or

come to a conclusion regarding a material issue.  *City of Tuscaloosa v.*

*Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

> The Supreme Court has directed that

> [u]nlike an ordinary witness, see Rule 701, an expert is permitted
> wide latitude to offer opinions, including those that are not based
> on firsthand knowledge or observation. See Rules 702 and 703.
> Presumably, this relaxation of the usual requirement of firsthand
> knowledge ... is premised on an assumption that the expert's
> opinion will have a reliable basis in the knowledge and
> experience of his discipline.

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592 (1993).  Because of the

broader range of testimony permitted under Rule 702, the Supreme Court

has indicated that district courts are to perform a critical "gatekeeping"

function concerning the admissibility of all expert testimony to ensure that

an expert witness's testimony is not only relevant, but reliable.  *United States*

*v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citing *Kumho Tire Co. v.*

*Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589 n.7). In

particular, district courts are "charged with screening out experts whose

methods are untrustworthy or whose expertise is irrelevant to the issue at

hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007).

In this case, the defendants challenge the reliability of Dr. Brian

Adams's opinions related to causation.  In his report, Dr. Adams opined that

the Mr. Lowe's "new and worsening pain in his neck, low back, and left

shoulder were directly caused by the motor vehicle accident he was involved

in on June 26, 2019."  Adams Report [Doc. No. 64-1].  The sole basis for the

defendants' motion to exclude is the absence of a "differential analysis,"

which the defendants contend are mandatory.

A differential analysis is "a medical process of elimination whereby the

possible causes of a condition are considered and ruled out one-by-one,

leaving only one cause remaining." *Chapman v. Proctor &  Gamble  Distrib,*

*LLC*, 766 F3d 1296, 1308 (11th Cir. 2014) (citing *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1195 (11th Cir. 2010)). It is true that the Eleventh Circuit has determined that a differential analysis is a methodology that meets the *Daubert* guiding factors for a district court considering reliability. *Chapman* at 1309. But contrary to the representation of the defendants in the motion to exclude, there is no authority to establish that the differential analysis is mandatory. *See Magbegor v. Triplette*, 212 F. Supp. 3d 1317, 1326 (N.D. Ga. 2016) ("[T]here is nothing magical about the differential etiology that would require Plaintiff's expert to employ that particular method in this case for his testimony to be reliable."); *Veasy v. Austin*, No. 1:20-CV-02985-LMM, 2021 WL 8998909, at *5 (N.D. Ga. Dec. 8, 2021) (rejecting defendants argument that a treating physician's opinion on causation was unreliable because he failed to consider and rule out all possible causes of a plaintiff's injuries).

Dr. Adams stated in his deposition that he did conduct a differential analysis because he ruled out potential causes of Mr. Lowe's pain such as kidney stones, cancer of the spine, other disease processes of the abdominal area that may refer to the spine. Adams Dep. at 97-98 [Doc. No. 64-2]. The defendants complain that he failed to rule out such potential causes as a prior football injury and morbid obesity. But this objection does not go to the

reliability of Dr. Adams's methodology, it goes to how he applied the methodology to the facts of the case.

The court has reviewed Dr. Adams's report and deposition testimony, and for the most part his opinions are based on his physical examination of Mr. Lowe, his subjective complaints, and objective testing such as MRI. "These are the procedures that competent doctors follow in reaching a diagnosis and determining a course of treatment." *Veasy*, 2021 WL 8998909, at \*4. The only troubling aspect to Dr. Adams's opinions is his conclusion that the Mr. Lowe's injuries were "directly caused" by the accident that occurred on June 26, 2019.  Given his testimony that he never reviewed any of the Mr. Lowe's medical records outside of the ones generated by his practice[1]—all of which stem from treatment rendered <u>after</u> the June 26, 2019 accident—Dr. Adams has no basis to opine about changes in objective findings after the

---

[1] In conjunction with the response to the motion to exclude Dr. Adams's testimony, the plaintiffs have filed a declaration of Dr. Adams in which he describes reviewing Mr. Lowe's medical records from treatment with his primary care physician [Doc. No. 66-4].  This review occurred <u>after</u> Dr. Adams's deposition during which he was asked about medical treatment Mr. Lowe received from his primary care physician. Federal Rule of Civil Procedure 26 requires "a complete statement of all opinions the witness will express and the <u>basis and reasons for them</u>."  Fed. R. Civ. P. 26(a)(2(B)(i) (emphasis added).  Thus, Dr. Adams's conclusions and opinions regarding information he reviewed after he produced his report and gave his deposition are untimely and were not considered by the court in addressing the defendants' motion.  *See* LR 26.2(C); Fed. R. Civ. P. 37(c)(1).

accident.  *See* Adams Dep at 79 [Doc. No. 64-1].  Moreover, he concedes in his

deposition that he did not rule out Mr. Lowe's morbid obesity—an objective

factor he was aware of—as a potential cause of the plaintiff's back pain.  *Id.*

at 101.

Therefore, Dr. Adams cannot testify that the accident <u>directly caused</u>

Mr. Lowe's injuries.  But he is not precluded from testifying—as he did in his

deposition—that the objective and subjective findings he observed in Mr.

Lowe's case are consistent with the occurrence of a high energy collision such

as the one Mr. Lowe experienced.  Adams Dep. at 111 [Doc. No. 64-1].  If, at

trial, Dr. Adams testifies as to causation beyond what the court described

above or seeks to offer testimony beyond what he disclosed in his report or

deposition, the court will hear objections from the defendants' counsel at that

time.

## II. Plaintiffs' Motion for Protective Order

The plaintiffs have moved for a qualified protective order with respect

to a spreadsheet produced in this litigation by Spine Center of Atlanta that

contains the names,[2] dates of injury, medical bills and payment amounts with

regard to clients of the plaintiffs' attorneys.  The plaintiffs contend that the

[2] The spreadsheet was initially produced with patient names included.  Those
names have now been redacted.

spreadsheet contains information protected by the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA").

In response, the defendants point out that the Mr. Lowe waived his right to HIPAA protection when he filed this suit.  With respect to the other clients/patients included on the spreadsheet, the defendants contend that the spreadsheet has now been redacted such that it no longer contains private health information (PHI).

The court recognizes that the plaintiffs contend that through a combination of the information in the spreadsheet and public records, the identity of Spine Center of Atlanta patients (other than Mr. Lowe) could be deciphered.  As an initial matter, however, it is questionable whether the plaintiffs have standing to raise this argument on behalf other individuals. But even if they do, the defendants have entered into a confidentiality agreement with Spine Center of Atlanta that limits use of the spreadsheet and—most importantly— requires that submission of the document as an exhibit in another case must be made under seal or directly with chambers. Finally, the data contained in the spreadsheet has already been produced by Spine Center of Atlanta in other cases.  This court does not have jurisdiction to dictate how documents and information produced in unrelated cases can be

utilized.  Accordingly, the motion for a qualified protective order [Doc. No. 89] is DENIED.

### III. Conclusion

The defendants' motion to exclude testimony of Dr. Brian Adams [Doc. No. 64] is GRANTED in part and DENIED in part.  Dr. Adams's testimony that Ms. Lowe's injuries were "directly caused by" the motor vehicle accident is inadmissible; the motion is otherwise DENIED.

The plaintiffs' motion for a qualified protective order [Doc. No. 89] is DENIED.

SO ORDERED this 19th day of July, 2022.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge